# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 08-CR-796 (JFB)
_____

UNITED STATES OF AMERICA,

VERSUS

JUSTIN MUNLYN,

Defendant.

_____

**MEMORANDUM AND ORDER**
April 15, 2009

_____

JOSEPH F. BIANCO, District Judge:

On November 12, 2008, defendant Justin Munlyn was indicted in this District and charged with being a felon-in-possession on March 12, 2008, in violation of Title 18, United States Code, Section 922(g)(1). Pending before the Court is the defendant's motion to dismiss the indictment against him, with prejudice, for violation of the Speedy Trial Act. Specifically, defendant submits that because sixty-five non-excludable days passed between the date of defendant's first appearance/arraignment in this District before a United States Magistrate Judge on the criminal complaint and the date he was indicted on the charge contained therein, the statute mandates dismissal of the charges in the indictment.[1] Defendant further argues that

because the crime charged is not sufficiently serious and the government offered no excuse for the delay, a dismissal with prejudice is appropriate and will benefit both the administration of the Speedy Trial Act and the administration of justice. The government concedes that the indictment must be dismissed, but argues that the dismissal should be without prejudice.

For the reasons set forth below, the Court dismisses the indictment against defendant, but does so without prejudice. Specifically, after weighing all of the relevant factors – including, among other things, the seriousness of the instant charge of felon-in-possession of a firearm, the relatively short duration of the delay, the absence of any evidence of bad faith or pattern of neglect by the government, the effects on the administration of the Speedy

_____

[1] Although the parties refer to sixty-six days of delay in their papers, the actual delay was sixty-five days, based upon the date of

presentment/arraignment on the complaint and the date of indictment, neither of which are in dispute.

Trial Act and justice, and the lack of any prejudice from the delay to the defendant, who is serving a seventeen-year state sentence imposed in July of 2008 – the Court concludes that dismissal without prejudice is warranted under the circumstances of the instant case. Although defendant argues for dismissal with prejudice to ensure effective administration of the Speedy Trial Act, that factor (although obviously important) does not allow every defendant to use any Speedy Trial Act violation as a "get out of jail free" card, without consideration of the other factors which favor dismissal without prejudice, such as the seriousness of the offense, the relatively short period of delay, the lack of bad faith or a pattern of neglect by the prosecutors, and the lack of prejudice to the defendant. Here, as discussed below, dismissal without prejudice is a sufficient sanction under the Speedy Trial Act in light of all of the relevant factors.

## I. BACKGROUND

### A. Facts

On March 12, 2008, defendant was arrested by the Village of Hempstead Police Department pursuant to two bench warrants issued by the Honorable Edward Maron of Nassau County Criminal Court on January 18, 2008, for (1) Robbery in the Second Degree, Assault in the Second Degree and Resisting Arrest; and (2) failure to pay a fine subsequent to a conviction for Robbery in the Second Degree. When arrested, defendant was allegedly in possession of a loaded firearm and was charged with Criminal Possession of a Weapon in the Second and Third Degree in violation of New York Penal Law §§ 265.03 and 265.02. According to the government, that weapons charge was subsequently referred to the United States Attorney's Office

to determine if federal prosecution was warranted.

On June 13, 2008, a jury returned a verdict in Nassau County Criminal Court convicting defendant for the crimes of Robbery in the Second Degree, Assault in the Second Degree, and Resisting Arrest. Defendant was sentenced in July of 2008 to a term of ten years' imprisonment for the robbery charge, consecutive to a term of seven years' imprisonment for assaulting a police officer, and a concurrent term of one year imprisonment for resisting arrest.

On September 2, 2008, a federal criminal complaint was filed in this Court, arising from the March 12, 2008 state arrest, which charged defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Specifically, the criminal complaint alleged that, during the arrest of the defendant by members of the Village of Hempstead Police Department on March 12, 2008 based upon the warrant issued by the Nassau County Criminal Court, "detectives recovered a concealed .380 Auto Bryco Arms pistol and seven live .380 caliber cartridges from the defendant's waistband." (Criminal Complaint ¶ 2.) Moreover, the complaint alleged that defendant possessed this firearm after having been convicted in 2007 of Attempted Robbery in the Second Degree, a Class D violent felony, in New York State County Court, Nassau County. (*Id.* ¶ 3(a).)

Because defendant was in state custody serving his seventeen-year sentence at the time the complaint was filed and arrest warrant issued, United States Magistrate Judge E. Thomas Boyle signed an order on September 4, 2008, directing that defendant be transported to federal custody for

arraignment on the complaint.  On September 8, 2008, defendant appeared before a United States Magistrate Judge for his first appearance and, during that proceeding, he was appointed counsel, he was arraigned on the criminal complaint, a permanent order of detention was entered, and the preliminary hearing was waived.  The matter was presented to the grand jury on November 12, 2008, which returned a one-count indictment on that same day, charging defendant with a violation of Section 922(g)(1).  On November 20, 2008, defendant was arraigned on the indictment, at which time counsel for the government and counsel for the defendant jointly requested an order of excludable delay until December 22, 2008, which this Court granted.  The government concedes that no such request was made during the sixty-five day time period spanning defendant's presentment/ arraignment on the complaint on September 8, 2008, and his indictment on November 12, 2008.

### B. Procedural History

On March 13, 2009, defendant moved to dismiss the indictment with prejudice.  On April 2, 2009, the government filed its opposition. Oral argument was heard on April 14, 2009.  This matter is fully submitted.

### II. DISCUSSION

Defendant moves to dismiss the indictment against him, with prejudice, for violation of the Speedy Trial Act.  The government argues that if the indictment is dismissed, it should be dismissed without prejudice because, among other things, the charged crime is serious, the defendant was not prejudiced, and the delay was inadvertent and not in bad faith.  For the reasons set forth below, the Court finds that the indictment

must be dismissed due to a Speedy Trial Act violation, but that the dismissal is without prejudice to re-indictment within the statutorily-prescribed six month period.

The Speedy Trial Act states that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).  "If . . . no indictment or information is filed within the time limit required by section 3161(b) . . . of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."  18 U.S.C. § 3162(a)(1).  Here, the government concedes that sixty-five days elapsed between the date on which defendant was arraigned on the criminal complaint[2] and the date on which he was indicted on the charge contained therein. Therefore, since the indictment was filed beyond the thirty-day period set forth in the Speedy Trial Act, dismissal of the indictment is warranted.  However, the Court must decide whether such dismissal should be with or without prejudice.

The Act further states that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider,

---

[2] Because the defendant was already in state custody at the time the criminal complaint was filed and arrest warrant issued on September 2, 2008, the Court treats his first appearance in federal court on the complaint (namely, September 8, 2008) as his date of arrest/service of summons for purposes of Section 3161(b).  However, even if the September 2, 2008 date is used and the delay was seventy-one days, it would not change the Court's analysis in the instant Memorandum and Order.

among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).[3] The Supreme Court has further directed courts to consider the prejudice suffered by the defendant as a result of the delay. *See United States v. Taylor*, 487 U.S. 326, 334 (1988) ("[T]here is little doubt that Congress intended this factor to be relevant for a district court's consideration."); *accord United States v. Wilson*, 11 F.3d 346, 352 (2d Cir. 1993); *United States v. Kiszewski*, 877 F.2d 210, 213 (2d Cir. 1989); *see also United States v. Upton*, 921 F. Supp. 100, 105 (E.D.N.Y. 1995) ("The third factor – the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, must, of necessity, also embrace the unexpressed factor of prejudice to the defendant."). The Court will analyze each factor below.

### A. The Seriousness of the Offense

It is well-settled that "[w]hen an indictment charges a serious offense, a court is more likely to rule in favor of a dismissal without prejudice." *United States v. Zedner*, 96-CR-285 (TCP), 2006 U.S. Dist. LEXIS 94971, at *7 (E.D.N.Y. Oct. 13, 2006) (citing *Kiszewski*, 877 F.2d 210, 214 (2d Cir. 1989) and *United States v. Mancuso*, 302 F. Supp. 2d 23, 26 (E.D.N.Y. 2004)). To that end, courts within this Circuit have concluded that "[t]he Section 3161(a)(1) seriousness factor ordinarily focuses solely on the charge rather

than, *e.g.*, the strength of the government's case or the likely outcome of the proceedings." *Mancuso*, 302 F. Supp. 2d at 26 n.1; *see Zedner*, 2006 U.S. Dist. LEXIS 94971, at *7-*8.

In the instant case, the indictment against defendant charges him with possession of a loaded firearm as a convicted felon, in violation of 18 U.S.C. § 922. Though defendant argues that the charged offense "was non-violent, caused no actual harm except to himself and is therefore not as serious as many other federal crimes[,]" (Defendant's Memorandum of Law, at 4), the Court finds the charged crime to be a serious offense. Regarding defendant's assertion that the crime charged is "non-violent," the Court notes that the Second Circuit has determined that the crime of felon-in-possession does constitute a crime of violence (for purposes of the Bail Reform Act) because, among other reasons, the "possession of a gun by its nature gives rise to a risk of its use in violence." *See United States v. Dillard*, 214 F.3d 88, 94 (2d Cir. 2000). This "risk of violence" certainly factors into the Court's determination of seriousness. Further, beyond the inherent risk of violence associated with the crime, the very purpose of the statutes which forbid convicted felons from carrying firearms, "which [are] predicated on a defendant's failure to be reformed by the criminal justice system and a continuing disrespect for the law, highlights the crime's seriousness." *United States v. Richardson*, No. CRIM 06-193 RHK/AJB, 2007 WL 421919, at *1 (D. Minn. Feb. 5, 2007).

Accordingly, the Court finds that the charged crime is sufficiently serious to weigh in favor of dismissal without prejudice and notes that district courts adjudicating similar Speedy Trial Act claims have arrived at the

---

[3] A dismissal without prejudice permits the prosecutor to seek a new indictment within "six calendar months" of the dismissal, pursuant to 18 U.S.C. § 3288.

same conclusion.[4]  *See, e.g., United States v. Williams*, 532 F. Supp. 2d 1323, 1329 (N.D. Okla. 2008) ("The Court finds that the crimes with which [defendant] has been charged are highly serious, involving . . . the possession of a loaded firearm with back-up ammunition by a convicted felon."); *Finley v. United States*, No. 3:04CV326, 3:03CR013, 2007 WL 2815440, at *4 (S.D. Ohio Sept. 25, 2007) ("This was a serious case involving drugs, firearms in relation to drug trafficking and possession of firearms by a prohibited person."); *Richardson*, 2007 WL 421919, at *1; *United States v. Van*, No. 05-90038, 2006 WL 2504434, at *1 (E.D. Mich. Aug. 28, 2006) ("With respect to the first factor, the seriousness of the offense, [defendant] is charged with . . . being a felon in possession of a firearm.  Th[is] offense[ is] considered serious within the meaning of the Speedy Trial Act.") (citing *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993)); *United States v. Strickland*, No. CR.A. 04-00058, 2004 WL 1468992, at *2 (E.D. Pa. Apr. 7, 2004) ("The Court concludes that possession of multiple firearms by defendant, a convicted felon, on two occasions poses a threat to society and is a serious offense.").

---

[4] At oral argument, defense counsel suggested that the alleged crime should be considered less serious under the Speedy Trial Act analysis, and the need to prosecute less important, because the defendant is currently serving a seventeen-year sentence. However, the Court disagrees.  The seriousness of the instant charge is not lessened by the existence of the lengthy sentence on the state robbery conviction, regardless of what the ultimate sentence turns out to be in the instant case if the defendant is convicted of the charged crime.  In short, the defendant's current incarceration on the seventeen-year sentence does not, when weighed in conjunction with all of the other factors discussed *infra*, warrant dismissal of the indictment with prejudice.

## B. Facts and Circumstances Leading to Dismissal

The Court next must evaluate the facts and circumstances that led to the delay and determine whether they weigh towards dismissal with prejudice.  In doing so, the Court first considers the length of the delay, noting that because it has found that the charged crime is a serious offense, dismissal with prejudice is generally appropriate only when there is serious delay. *See United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986) ("Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay.").  The Court may also consider whether the delay was attributable to "a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of dilatory practices on the part of the United States Attorney's office in the district in question." *Wilson*, 11 F.3d at 352 (internal quotation and citations omitted).  When dismissing an indictment with prejudice pursuant to the Speedy Trial Act, "the court should specifically describe the Government's conduct and find that conduct to be more than 'an isolated unwitting violation,' be it a 'truly neglectful attitude,' 'bad faith,' a 'pattern of neglect,' or other serious misconduct." *United States v. Wells*, 893 F.2d 535, 539 (2d Cir. 1990) (quoting *Taylor*, 487 U.S. at 339); *United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) ("[T]he court may properly take into account a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of dilatory practices on the part of the United States Attorney's office in the district in question.").

In the instant case, the delay was sixty-five days, some thirty-five days longer than the statutory maximum.  Although such a

delay is certainly not trivial, the Court views it as relatively short and not sufficiently serious under the circumstances (especially given the fact that defendant's incarceration, throughout the delay, on a lengthy state sentence undermines any argument of prejudice), to warrant dismissal with prejudice when all of the factors are considered. *Compare United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988) ("[S]hort delays of the kind present here do not become 'serious' violations of the Speedy Trial Act unless there is some resulting prejudice to the defendant. The fourteen-day delay here borders on being *de minimis* and plainly did not result in any prejudice to the defendant.") *with Mancuso*, 302 F. Supp. 2d at 27 (finding three-year delay warranted dismissal with prejudice) and *United States v. Stayton*, 791 F.2d 17 (2d Cir. 1986) (finding twenty-three month delay between voir dire and swearing of jury warranted dismissal with prejudice).

Moreover, in weighing this factor, the Court notes that there is no evidence that the delay was a result of some misfeasance on the part of the government, or that the failure to issue the indictment in a timely manner was part of an overarching course of neglectful conduct.[5]  Accordingly, considering the

serious nature of the crime charged, and "in the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an 'isolated unwitting violation' of the Speedy Trial Act cannot support a decision to dismiss with prejudice." *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988) (citing *Taylor*, 487 U.S. at 339); *see also Wilson*, 11 F.3d at 353 (ruling dismissal with prejudice not warranted after forty-two day delay where "the . . . prosecutors assigned to the case had not exhibited a lackadaisical attitude toward the Speedy Trial Act, nor had the United States Attorney's office exhibited a pattern of neglect"); *Wells*, 893 F.2d 535, 539 (thirty-two day delay did not support dismissal with prejudice); *United States v. Mora*, No. 04 CR. 00530 (LAP), 2005 WL 1354042, at *5 (S.D.N.Y. June 7, 2005) (delay of sixty-five days did not warrant dismissal with prejudice because charged crime was sufficiently serious and delay was not the result of bad faith); *cf. Mancuso*, 302 F. Supp. 2d at 31-32 (the AUSA's "'lackadaisical attitude' in discharging his obligations under the Speedy Trial Act . . . signif[ied] a continuing neglectful attitude during the three year pre-indictment delay, rather than an isolated, unwilling violation of the Speedy Trial Act," and weighed towards dismissal with prejudice).

### C. Impact of Reprosecution on the Administration of the Statute and the Administration of Justice

The Speedy Trial Act next requires the Court, in determining whether to dismiss the action without prejudice, to weigh the impact

---

[5] In its opposition papers, the government explained that the previously assigned Assistant United States Attorney ("AUSA") was an Assistant District Attorney from the Nassau County District Attorney's Office, who was cross-designated as a Special Assistant United States Attorney ("SAUSA") and was assigned to prosecute gun cases under the Project Safe Neighborhood Grant. When the Grant expired, he returned to the District Attorney's Office. According to the current AUSA, the SAUSA was apparently under the mistaken belief that "he did have an order of excludable delay and was surprised by the fact that there was no order to that

effect in the file." (Government's Memorandum of Law, at 10.)

of reprosecution on both the administration of the statute and the administration of justice. The Second Circuit has noted that "a pattern of disregard" for the responsibility to adhere to the provisions of the Speedy Trial Act "has the potential for nullifying the requirements of the Act, for if the government suffers only dismissals without prejudice on motion of the defendant, it in effect gains successive [continuances]." *Giambrone*, 920 F.2d at 180-81. Furthermore, "[a] pattern of disregard for speedy trial rights is also detrimental to the administration of the criminal justice system since delays risk the loss of important evidence, and repetitive prosecutions on the same charges cause wasteful replication of effort." *Id*. at 181. However, when the charged crime is a serious one, permitting the government to re-file the indictment benefits the administration of justice as a whole. *See, e.g., Kiszewski*, 877 F.2d at 214 (allowing government to re-prosecute defendant on the "serious" crime of perjury "would, on balance, have a favorable impact on the administration of justice."). Finally, the Supreme Court has stated that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Taylor*, 487 U.S. at 342.

In evaluating the effect of reprosecution, the Court must also consider the prejudice suffered by defendant, if any, as a result of the delay. *See id*. at 344. The Supreme Court, in adjudicating a defendant's constitutional right to a speedy trial, has identified three factors that bear on the prejudice inquiry: (1) prevention of oppressive pretrial incarceration; (2) alleviation of anxiety suffered by the accused; and (3) prevention of an impaired defense. *See Baker v. Wingo*, 407

U.S. 514, 532 (1972). Regarding the first factor, defendant obviously concedes in his motion that the seventeen-year term of imprisonment he is currently serving has been unaffected by the thirty-five day unexcludable period; therefore, the delay has not created a needless term of pre-trial incarceration. Further, he has made no showing that the improper delay exacerbated any anxiety related to the pending charge, and even if he had done so, he "would have to make a showing of prejudice beyond the ongoing uncertainty inherent in facing pending criminal charges." *Mora*, 2005 WL 1354042, at *6. Finally, defendant has made no assertion that the delay somehow impaired his ability to mount a viable defense to the crime charged. *See, e.g., United States v. McCrudden*, 222 F. Supp. 2d 352, 355 (E.D.N.Y. 2002) (no prejudice to defendant where, among other considerations, he made "no claim that his ability to defend himself against the indictment has been adversely effected [sic]"). Therefore, the Court finds that any prejudice suffered by the defendant as a result of the delay is minimal, at best, and taking that into account, proceeds to an analysis of the impact of potential reprosecution.

Defendant argues generally that dismissal without prejudice "would have a detrimental effect on the administration of the Speedy Trial Act" and specifically that, because defendant is currently serving a seventeen-year sentence for his state court convictions, "the administration of justice suffers a greater blow from the Court's overlooking of a needless violation of a specific statutory time limit than from a dismissal of this prosecution with prejudice." (Defendant's Memorandum of Law, at 5-6.) However, courts have long recognized that when the crime charged is serious, the delay relatively brief, the evidence

of prosecutorial misfeasance non-existent and the prejudice suffered by defendant minimal, concern for the administration of the Act alone cannot support a dismissal with prejudice. *See, e.g., Taylor*, 487 U.S. at 342 ("If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution."); *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988) ("[The district court's] understandable desire to ensure strict compliance with the Speedy Trial Act cannot, under the analysis in *Taylor*, justify a dismissal with prejudice here. The offense was concededly serious, the delay was concededly short, there was no evidence of bad faith or a pattern of neglect, and the defendant failed to demonstrate any prejudice from the delay."); *United States v. Cortinas*, 785 F. Supp. 357, 361-62 (E.D.N.Y. 1992) ("[C]oncern for administration of the Act cannot justify dismissal with prejudice if: the offense is serious; the delay is short; there is no evidence of bad faith or a pattern of neglect by the government; and the defendant has not demonstrated prejudice."). Accordingly, "th[is] factor alone, by definition implicated in almost every Speedy Trial Act case, does not suffice to justify barring reprosecution in light of all the other circumstances present." *Taylor*, 487 U.S. at 342. In the instant case, considering the serious nature of the crime charged and the lack of prejudice suffered by the defendant or any evidence of bad faith or a pattern of neglect by the prosecutors, the Court finds that dismissing the indictment, but permitting re-prosecution, serves the administration of justice and the Act. As the Supreme Court noted in *Taylor*, "dismissal without prejudice is not a toothless sanction," 487 U.S. at 342,

and will require the government to obtain a new indictment if it decides to re-prosecute. That sanction, under the circumstances and factors of this case, does not undermine the effective administration and enforcement of the provisions of the Speedy Trial Act.

In sum, after carefully weighing all of the relevant factors, the Court concludes that dismissal of the indictment without prejudice is warranted.

### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the indictment against him pursuant to the Speedy Trial Act is granted, but denied to the extent that defendant seeks dismissal with prejudice. The indictment is dismissed, without prejudice, to re-indictment within the statutorily-prescribed time period.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:    April 15, 2009
          Central Islip, New York

* * *

The attorneys for the Government are Grace M. Cucchissi and Kenneth L. St. Bernard, Esqs., of the United States Attorney's Office for the Eastern District of New York, at 271 Cadman Plaza East, Brooklyn, NY 11201 and 610 Federal Plaza, Central Islip, NY 11722. The attorney for the defendant is Randi L. Chavis, Esq., of the Federal Defenders of New York, Inc., 460 Federal Plaza, Central Islip, NY 11722.